| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis. T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway, Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC*<br>*in its capacity as Liquidation Trustee of*<br>*the AIRN Liquidation Trust* | Order Filed on May 1, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>Honorable John K. Sherwood |
| In re:<br><br>AIRN LIQUIDATION TRUST CO, LLC, in its capacity as Liquidation Trustee, of the AIRN LIQUIDATION TRUST, and BERGENLINE CAPITAL 4901 PROPCO, LLC,<br><br>              Plaintiff,<br>v.<br><br>DMR CONSTRUCTION SERVICES, INC.,<br><br>              Defendant. | Adv. Pro. No. 24-01448 (JKS) |

## STIPULATION AND AGREED ORDER

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

**DATED: May 1, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**STIPULATION AND AGREED ORDER**

Plaintiff AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust established pursuant to the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Case No. 22-14539, Docket No. 3256] (as amended and supplemented, the "**Plan**") and the order confirming same [Case No. 22-14539, Docket No. 3599] (the "**Confirmation Order**"), which has been assigned and, as of the Effective Date of the Plan, holds all rights with respect to the claims of National Realty Investment Advisors, LLC ("**NRIA**") and its related debtor entities (collectively with NRIA, the "**Debtors**") and the claims of Contributing Investors (as that term is defined in the Plan), and Bergenline Capital 4901 Propco, LLC ("**Bergenline Propco**," and together with AIRN Liquidation Trust Co., LLC, "**Liquidation Trustee**"), and DMR Construction Services, Inc. ("**DMR**"), by and through their respective attorneys, stipulate as follows:

WHEREAS, Bergenline Capital 4901, LLC entered into a contract with DMR for services related to the Bergenline project (the "**Contract**");

WHEREAS the Bergenline Debtors assumed the Contract pursuant to Court Order dated August 30, 2022 (ECF No. 384);

WHEREAS, Liquidation Trustee commenced the above-captioned adversary proceeding (the "**Adversary Proceeding**") in which Liquidation Trustee seeks, inter alia, to recover from DMR, certain amounts that Liquidation Trustee asserts are due from DMR on account of alleged defective work;

WHEREAS, on December 19, 2022, DMR timely filed proof of claim number 2256 in Case No. 22-14539 in the amount $1,224,561.49 (the "**DMR Proof of Claim**"), which asserts damages for alleged unpaid services under various agreements between DMR and the Debtors.

2

DMR agrees that except as provided herein (i) it is not asserting any claim against the Debtors related to the Contract or Bergenline project through the DMR Proof of Claim or otherwise, and (ii) any claim DMR alleged or asserts against the Debtors related to the Contract or Bergenline project has been withdrawn and/or disallowed;

WHEREAS, on or around December 16, 2022, DMR timely filed proof of claim numbers 14 and 21 in Case No. 22-14619 and proof of claim numbers 12 and 32 in Case No. 22-14568 (collectively, the "DMR Bergenline POCS"), which assert, among other things, damages in an "undetermined" amount for alleged unpaid services under the Contract. On November 13, 2024, the Court entered an Order disallowing the DMR Bergenline POCS as duplicative of the DMR Proof of Claim (ECF No. 4049). On January 6, 2025, DMR withdrew and waived the DMR Bergenline POCS (ECF Nos. 4075, 4076, 4078, and 4079);

WHEREAS, DMR agrees that (i) it is not asserting any claim against the Bergenline Debtors or Bergenline project related to the Contract through the DMR Proof of Claim, and (ii) any unsecured claim DMR alleged or asserts against the Bergenline Debtors related to the Contract or Bergenline project has been withdrawn and/or disallowed;;

WHEREAS, DMR maintains that it is entitled to payment from Bergenline Propco Debtor estate for unpaid cure obligations in connection with the Bergenline Debtors' assumption of the Contract in the amount of $18,297.39 (the "**Cure Amount**");

WHEREAS, DMR maintains that it is entitled to payment from the Bergenline Propco Debtor estate for unpaid post-petition services in the amount of $206,844.65 (the "**Post-Petition Amount**");

WHEREAS, as of the date of this Stipulation, DMR has not filed any pleading requesting payment of the Cure Amount and/or the Post-Petition Amount;

3

WHEREAS, the Liquidation Trustee disputes DMR's asserted entitlement to the Cure Amount and Post-Petition Amount;

WHEREAS, DMR has filed a motion to dismiss [Adv. Pro. No. 13] (the **"Motion to Dismiss"**) the Adversary Proceeding asserting that the Bankruptcy Court lacks jurisdiction over the Adversary Proceeding as, among other reasons, per the terms of the Contract, Liquidation Trustee's claims asserted in the Adversary Proceeding related to the Bergenline project should be resolved via arbitration administered by the American Arbitration Association; and

WHEREAS, Liquidation Trustee and DMR have conferred and reached an agreement whereby they will (i) attempt to resolve their claims via mediation, (ii) if mediation is not successful, to arbitrate Liquidation Trustee's claims for defective work as asserted in its Complaint filed in the Adversary Proceeding, and (iii) reserve all of their respective rights with respect to the Cure Amount and Post-Petition Amount.

NOW, THEREFORE, it is hereby stipulated and agreed by and between Liquidation Trustee and DMR that:

1. Other than the Cure Amount and the Post-Petition Amount, both of which are disputed by the Liquidation Trustee, DMR is not asserting and shall not assert any claim(s) related to the Contract or Bergenline project, and any unsecured claim of DMR related to the Contract or Bergenline project it alleged or may allege was waived upon DMR's withdrawal of the DMR Bergenline POCs (ECF Nos. 4075, 4076, 4078, and 4079), except that nothing herein shall impede, inhibit or waive DMR's ability to assert defenses or offsets to the liability(ies) alleged in the Adversary Proceeding. Further, DMR concedes that the DMR Proof of Claim does not include or assert any claims related to the Contract or Manhattan Avenue project and that DMR has not filed any pleading requesting payment of the Cure Amount and/or Post-Petition Amount.

4

2. Nothing in this Order shall affect any of DMR or Liquidation Trustee's rights, remedies and objections, with respect to the Cure Amount and Post-Petition Amount. DMR reserves all of its rights and remedies with respect to the Cure Amount and Post-Petition Amount. Liquidation Trustee reserves all rights and remedies, including the right to object, challenge, and defend against any claim or request for allowance and/or payment by DMR of the Cure Amount and Post-Petition Amount, including the defense that any claims for the Cure Amount and Post-Petition Amount were waived, withdrawn, discharged, and/or enjoined.

3. DMR and Liquidation Trustee's agreement to mediate and/or arbitrate, as necessary, Liquidation Trustee's claims for defective work as asserted in its Complaint filed in the Adversary Proceeding shall not divest the Court under the Plan from jurisdiction to determine the allowance and/or treatment, if any, of DMR's asserted Cure Amount and Post-Petition Amount. Nothing in this order alters or modifies the provisions of the Plan as it pertains to the Cure Amount and Post-Petition Amount.

4. The Adversary Proceeding is hereby stayed *sine die* until two weeks after the conclusion of the mediation. Within one week of the conclusion of the mediation Liquidation Trustee and DMR shall file with the Bankruptcy Court a letter stating whether the mediation resulted in a resolution of this matter. The hearing on DMR's motion to dismiss and initial conference set for April 29, 2025, is adjourned without date, and will be held in abeyance pending the mediation. DMR does not admit to or concede the jurisdiction of this Court over this Adversary Proceeding by executing this Stipulation and consenting to a temporary stay of the Adversary Proceeding pending the parties' pursuit of mediation. Nothing in this Order shall constitute or be deemed an admission as to jurisdiction or a waiver of any objection to jurisdiction and DMR maintains its objections in this regard and reserves all of its rights in connection therewith

5. If Liquidation Trustee and DMR and unable to resolve this matter through mediation, Liquidation Trustee will file a demand for arbitration within two weeks of the conclusion of the mediation and will dismiss this matter without prejudice. The arbitrator shall hear and adjudicate all claims, causes of action, and defenses, relating to the claims asserted by Liquidation Trustee in the Adversary Proceeding.

6. This Court shall retain jurisdiction to enforce this Order and the Plan Treatment. To the extent applicable or necessary, the automatic stay is hereby lifted or terminated in order to consummate the terms hereof.

Dated: April 30, 2025

**ICE MILLER LLP**

By: */s/ Nathaniel M. Uhl*
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
Nathan D. Basalyga, Esq. (*pro hac vice*)
Nathaniel M. Uhl, Esq. (*pro hac vice*)
1500 Broadway
Suite 2900
New York, NY 10036
Phone: 212-835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com
nathan.basalyga@icemiller.com
nate.uhl@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC in its capacity as Liquidation Trustee of the AIRN Liquidation Trust and Bergenline Capital 4901 Propco, LLC*

Dated: April 30, 2025

**K&L GATES, LLP**

By: */s/ David S. Catuogno*
David S. Catuogno, Esq.
One Newark Center
10 Floor
Newark, NJ 07102
Phone: 973-848-4023
david.catuogno@klgates.com

*Counsel to Defendant DMR Construction Services, Inc.*

6